## STATE OF MINNESOTA vs. H. H. WILLSON.

## May 26, 1881.

**Forgery—Uttering Forged Instruments.**—The terms "false," "forged," and "altered," as used in Gen. St. 1878, c. 96, § 2, are used in the same sense in which these terms are used in section 1 of that chapter, and refer to the same kinds or classes of instruments. Therefore, the instrument, the uttering and publishing of which would be an offence under section 2, must be one, the making of which would be an offence under section 1. This statute enumerates the instruments which may be the subjects of forgery, but does not assume to change the existing rules of law as to what constitutes a false or forged instrument.

**Same—Making and uttering Instrument as Agent under False Assumption of Authority.**—Where one executes an instrument, purporting on its face to be executed by him as the agent of a principal therein named, when in fact he has no authority from such principal to execute the same, he is not guilty of forgery; the instrument is not a false or a forged deed within the meaning of the statute. This is no false making of the instrument, but merely a false assumption of authority. Therefore, where such an instrument is uttered by the party, who thus signs it under the false assumption of authority, he is not guilty of uttering a false deed within the meaning of the statute cited.

The defendant was convicted, in the district court for the county of Hennepin, of the crime of uttering a false deed, after a trial by jury, *Young*, J., presiding, and was sentenced to imprisonment for two years and six months. This appeal is taken from the judgment.

*Benton, Benton & Roberts*, for appellant.

*William J. Hahn*, Attorney General, for the State.

MITCHELL, J. The defendant was indicted, under Gen. St. 1878, c. 96, § 2, for uttering and publishing as true a false deed, knowing the same to be false, with intent to injure and defraud. The indictment sets out *in hæc verba* the alleged false deed, which purports, on its face, to be a deed of conveyance of land by one James D. Hoitt to Joseph F. Miller, and to be signed by H. H. Willson, per procuration of said Hoitt, the form of the signature being "James D. Hoitt, by H. H. Willson his attorney in fact." Upon the trial of the cause it

appeared that the defendant signed the deed in question, claiming the authority so to do under a power of attorney from Hoitt. The falsity of the deed, claimed by the state, consisted, not in any simulation or imitation of the signature of Hoitt, or in putting forth the instrument with the false pretence that the signature was the personal act of Hoitt, but in the false assertion, contained in the instrument, that he, the signer thereof, was authorized so to make and sign it in behalf of Hoitt, when in fact he had no such authority.

Upon this state of facts appearing from the evidence, when the prosecution rested, the defendant moved for a dismissal of the action, upon the ground that the instrument was not a "false" deed. The court denied the motion, and the case, having been submitted to the jury, resulted in a verdict of guilty, whereupon defendant moved for a new trial, which was denied, and defendant appealed. The same question was raised by defendant in other forms, and numerous exceptions were taken by him to the rulings of the court on other questions, but, under the view we take of the law applicable to the case, the foregoing is a sufficient statement of the facts for the purposes of a decision of this appeal. The real question, therefore, is whether an instrument, which appears on its face to have been executed by an agent authorized, while in truth he was not so, is a false instrument; or, to state the proposition in another form, when an instrument is really, in all its parts, written or signed by the individual by whom it purports to be written and signed, and the falsity consists, not in the simulation or counterfeiting of the act of another, but in the false assertion which the instrument contains that he, the writer and signer thereof, is authorized so to make and sign it in behalf of another, as it purports to be, is it a *false* instrument, within the meaning of the statute, and, upon negotiation of such instrument by the person who has so prepared it, is that person guilty of uttering a *false* instrument?

The terms "false" and "forged," as used in section 2, under which this indictment was framed, are used in the same sense in which these words are used in section 1. Section 2 was never designed to apply to a different class of instruments from those referred to in section 1. Section 1 refers to the making of the instruments, and

section 2 to uttering or publishing them, and is to be interpreted. exactly as if it read, "whoever utters and publishes as true any instrument mentioned in section 1." The instrument, the uttering of which is made an offence under section 2, must be one, the making of which would be an offence under section 1. It will be observed that neither section attempts to define what is a false or forged instrument. It was the object of the statute to embrace in general language all instruments which might be properly the subject of forgery, and not to establish any new kind of crime, or to change the previous rule of law as to what constituted a false or forged instrument. In that respect our statute has not attempted to change the common law. Therefore, in order to determine what is a false instrument, we must resort to the common law on that subject. Now, according to the ordinary and popular meaning of the words "false or forged," as applied to a note or other instrument in writing, we always understand one that is counterfeit or not genuine,—an instrument by which some one has attempted to imitate another's personal act, and, by means of such imitation, to cheat and defraud, and not the doing of something in the name of another, which does not profess to be the other's personal act, but that of the doer thereof, who claims by the act itself to be authorized to obligate the individual for whom he assumes to act. This definition of the words "false" and "forged" is abundantly sustained by authority as the proper legal definition of these words.

In *State* v. *Young*, 46 N. H. 266, the court say: "The term 'falsely' * * * has reference, not to the contents or tenor of the writing, or to the fact stated in the writing, * * * but it implies that the paper or writing is false,—not genuine, fictitious, not a true writing, *without regard to the truth or falsehood of the statement it contains.*" In *Rex* v. *Arscott*, 6 Carr. & Payne, 408, the defendant had indorsed on a bill of exchange, "Received for R. Aickman. G. Arscott." *Littledale*, J., says: "To forge a receipt for money is writing the name of the person for whom it is received. But in this case the acts done by the prisoner were receiving for another, and signing *his own name.*" In *Regina* v. *White*, 2 Carr. & Kir. 404, a bill of exchange, payable to the order of Thomas Tomlinson, was endorsed

by the prisoner, "Per procuration Thomas Tomlinson. Emanuel White." White had no authority whatever from Tomlinson. It was held, by an unanimous court of fifteen judges, that this was not forgery.

In *Heilbonn's Case*, 1 Park. Cr. Rep. (N. Y.) 429, a bill of exchange had been made payable to the order of Chas. Macintosh & Co. It was endorsed by Heilbonn, "Received for Chas. Macintosh & Co. Alex. Heilbonn." Heilbonn had no authority to make the endorsement. The court said: "It is the essence of forgery that one signs the name of another to pass it off as the signature, or counterfeit, of that other. This cannot be when the party openly and on the face of the papers declares that he signs it for another." In *Commonwealth* v. *Baldwin*, 11 Gray, 197, the prisoner made and delivered a note signed "Schouler, Baldwin & Co.," stating at the same time that he and Schouler composed the firm. There was no such partnership. It was held not to be forgery. The court say: "As a general rule, however, to constitute forgery, the writing falsely made must purport to be the writing of another party than the person making it. The mere false statement or implication of a fact not having reference to the person by whom the instrument is executed, will not constitute the crime." This case is referred to approvingly in *Commonwealth* v. *Foster*, 114 Mass. 311, and the court there say: "The distinction is plainly drawn * * * between one who assumes to bind another, either jointly with himself or by procuration, however groundless and false may be his pretence of authority so to do, and one who signs in such a manner that the instrument may purport to bear the actual signature of another party having the same name."

To the same effect is the case of *Mann* v. *People*, 15 Hun, 155. In this case, the defendant made and issued an instrument for the payment of money, purporting to obligate the county of Saratoga, and to be issued pursuant to a resolution of the board of supervisors of the county, and signed Henry A. Mann, treasurer. Defendant had no authority whatever to sign or issue such an instrument. The court decided that this did not constitute forgery, and held, in substance, that when one executes and issues an instrument, purporting, on its face, to be executed by him as agent of a principal therein named, he

is not guilty of forgery, although he has in fact no authority from such principal to execute or issue the same. In fact, we have found no authority to the contrary, and the text-writers uniformly lay down or approve of the same rule.

Now, in the case under consideration, the deed does not purport to be the personal act of Hoitt. The instrument, on its face, purports to be defendant's own act, but one which he was authorized to do for and in the name of Hoitt. The reader of the deed could not misunderstand it. By its terms, the defendant declares that he made the writing, but that he so made it for Hoitt and by authority from Hoitt. The falsity, if any, consists in the claim of authority from Hoitt. The law, as we have seen, is well settled that if a person sign an instrument with his own name per procuration of the party whom he intends or pretends to represent, it is no forgery, it is no *false making* of the instrument, but merely a false assumption of authority. This deed, therefore, is not a false deed, and consequently, in uttering or publishing it, defendant was not guilty of uttering or publishing a false deed. If defendant made a false and fraudulent claim of authority to execute this deed, and by means thereof obtained money or property from another, he might be guilty of obtaining money or property under false pretences, but not of the crime with which he is charged in this indictment. We are, therefore, of opinion that the court below erred in not granting a dismissal of the action, upon motion of defendant, when the state rested. The defendant was, upon the evidence, clearly entitled to a dismissal of the action, or to a verdict of acquittal under the direction of the court.

Ordered, therefore, that the judgment be reversed, and defendant absolutely discharged.