STATE v. R. W. LAMB.

(Filed 5 March, 1930.)

**Forgery A a—Execution or alteration of writing purporting to be act of another is essential element of forgery.**

> In order to constitute forgery there must be an execution or alteration of a paper-writing so as to make the writing or its alteration purport to be the act of another person; and where the writing alleged to be a forgery is an endorsement of a check in the name of the payee per procuration or as agent without authority, and the one so signing receives the money thereon and fails or refuses to pay it to the payee, the offense is not forgery and defendant's motion as of nonsuit should be granted. As to the nature of the offense, the question is not presented on this appeal and not decided.

APPEAL by defendant from *Midyette, J.*, at September Term, 1929, of CRAVEN. Reversed.

The defendant was indicted for forging an endorsement on the back of the following check or voucher, which was payable to M. P. Mitchell:

"The Board of Education of Craven County. No. 5019.

To Citizens Bank & Trust Company, New Bern, N. C., Treasurer.

Date: 3 July, 1928.

Pay to the Order of M. P. Mitchell.................................................$140.00
One Hundred Forty Dollars.
The payment of which amount has been duly authorized by the Board of Education or the proper school committee.

The Board of Education of Craven County.

B. O. JONES, County Auditor.

C. A. SEIFERT, Chairman.
R. S. PROCTOR, Secretary."

The alleged false and forged endorsement appearing on the back of said order was as follows:

M. P. MITCHELL,
R. W. LAMB.

The defendant, complying with the statute, moved to dismiss the action as in case of nonsuit. The motion was denied, the defendant was convicted, and from the judgment pronounced he appealed, upon error assigned.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*George T. Willis and C. L. Abernethy for defendant.*

ADAMS, J. The defendant excepted, not only to the denial of his motion to dismiss the action, but to the following instruction given the jury: "If you are satisfied from the evidence beyond a reasonable doubt, the burden being on the State, that the defendant signed the name of M. P. Mitchell to this order or paper described in the bill of indictment without the authority of M. P. Mitchell; and further, if the State satisfies you from the evidence beyond a reasonable doubt that he did so with intent to defraud, then it would be your duty to return a verdict of guilty. If you are not so satisfied, if you have a reasonable doubt about it, it would be your duty to return a verdict of not guilty."

The defendant was a member of the school committee of the Fort Barnwell School District and M. P. Mitchell, a colored woman, taught

children of her race in one of the schools. At the end of the school term the county board of education was due her one hundred and forty dollars. The defendant procured a voucher for the sum from the county superintendent of public instruction, took it to the sheriff's office, and endorsed on it the names "M. P. Mitchell, R. W. Lamb." Some one in the office paid him the money and he gave a receipt for it signed "M. P. Mitchell, by R. W. Lamb." He neglected or refused to pay the money to M. P. Mitchell and she prosecuted him for forgery. The defense was twofold: (1) That she had authorized him to endorse the voucher and collect the money; (2) that if not authorized his endorsement of the voucher was nothing more than a wrongful assumption of agency and is wanting in elements essential to the crime of forgery. The first was determined against the defendant; the second presents the law upon which he relies for reversal of the judgment. Following the briefs, the oral argument for the State and for the defendant proceeded on the theory that endorsing the voucher and giving the receipt were in reality one transaction and that the significance of the endorsement was in effect the same as that of the signature to the receipt, the defendant in each instance pretending to act in the capacity of an authorized agent.

The books abound in definitions of forgery. Blackstone defines it as "the fraudulent making or alteration of a writing to the prejudice of another man's right" (4 Bl., 247); *Buller, J.,* as "the making of a false instrument with intent to deceive" *(Rex v. Coogan,* 2 East P. C., 853); *Blackburn, J.,* as "the false making of an instrument to be that which it is not; it is not the making of an instrument which purports to be what it really is, but which contains false statements" *(In re Windsor,* 10 Cox C. C., 118, 123, 6 B. & S., 522); *Shee, J.,* as "the making or altering of a document with intent to defraud or prejudice another so as to make it appear to be a document made by another." 10 Cox C. C., 124.

It would be difficult to frame a definition to include all possible cases; but as a rule the false writing must purport to be the writing of a party other than the one who makes it and it must indicate an attempted deception of similarity. Annotation, 22 A. D., 321; *Sale v. State,* 120 Ga., 183, 47 S. E., 531; 2 Bishop's Crim. Law, sec. 572. Forgery is the attempted imitation of another's personal act. *Mann v. People,* 15 Hun. (N. Y.), 155, affirmed in *People v. Mann,* 75 N. Y., 484, 31 A. R., 483. Hence signing as the agent of another without authority does not constitute forgery. Clark's Crim. Law, 2 ed., 355. The English Courts applied the principle in *Rex v. White,* 1 Den. C. C., 208, 2 Car. & K., 404, 2 Cox C. C., 210. There a prisoner falsely averring an authority to endorse a bill of exchange for T. Tomlinson, wrote on the back of the bill "Per procuration Thomas Tomlinson, Emanuel White." The bill

was thereupon discounted, and the prisoner went off with the money. It was held that the endorsement was not a forgery. 2 Mews' Eng. Case Law Digest, 1262. In *Rex v. Arscott,* 6 Car. & P., 408, the prisoner endorsed a bill of exchange to R. Aickman as follows: "Received for R. Aickman, G. Arscott." As the prisoner apparently received the money for another and signed his own name the court held that he must be acquitted of forgery. In 3 Archbold's Crim. Pr. and Plds., 537-543, it is said: "If a man draw, accept, or endorse a bill of exchange in the name of another, without his authority it is forgery. But if he sign it with his own name, per procuration . . . it is no forgery." The reason is that forgery cannot be predicated of a writing not intended to be a semblance of something which it does not purport to be and which is in itself not false. *Barron v. State,* 77 S. E. (Ga.), 214.

In this country the weight of authority follows the English precedents, although the minority view is upheld by substantial reasoning. In *S. v. Wilson,* 28 Minn., 52, 9 N. W., 28, it was shown that the defendant had executed a written instrument which purported to be a conveyance of land by James D. Hoitt to Joseph F. Miller, the form of the signature being "James D. Hoitt, by H. H. Wilson, his attorney in fact." The Court held that there was no forgery and that the action should have been dismissed.

A similar question arose in *S. v. Taylor,* 25 L. R. A. (La.), 591. The defendant prepared a promissory note and without authority signed the names of several persons, writing under them these words: "I was authorized to sign the above names of the order. E. R. Taylor." He was charged with forgery and the indictment was quashed. In an opinion delivered by *Breaux, J.,* the Court said: "Assuming that the acts are correctly charged, forgery is not the crime the defendant has committed. Forgery is defined as the making or altering of a writing so as to make the alteration purport to be the act of another person. This definition does not embrace the making of a note per procuration of the party whom he intends to represent."

In *People v. Bendit,* 31 L. R. A., 831, a receipt for money was signed "Wm. Cluff & Co., A. B." Whether the defendant had done the acts complained of was in doubt, but the Court said that he was not guilty of forgery, assuming his identification, because "when the crime *is* charged to be the false making of a writing, there must be the making of a writing which falsely purports to be the writing of another." The same conclusion was reached in *Barron v. State, supra,* in which the signature was "W. R. Amason, W. H. B.," and it is maintained in a number of other cases. *Goucher v. Nebraska,* 41 A. L. R., 227, and Annotation, 241; *West Virginia v. Sotak,* 46 A. L. R., 1523, and Annotation, 1529; Annotation, *People v. Bendit, supra.*

According to the principle thus enunciated the defendant's acts do not constitute forgery and his motion to dismiss the action should have been allowed. The question whether he is guilty of another crime is beyond the scope of this appeal. The judgment is

Reversed.