STATE OF NORTH CAROLINA v. RAY FAULKNER

No. 738SC300

(Filed 23 May 1973)

**Forgery § 2— uttering forged check — sufficiency of evidence**

In a prosecution charging defendant with uttering a forged check, evidence was sufficient to be submitted to the jury where it tended to show that defendant entered a furniture store after waiting for it to open, selected a $30 chair, gave the salesman a $60 counter check already made out to the furniture company and signed by "John H. Smith" with an address written under the signature, endorsed the name "John H. Smith" on the back of the check, received $30 and left the store, that no one named "John H. Smith" lived at the address written on the check, and that there was no bank account in the name of "John H. Smith."

ON *certiorari* to review judgment entered by *Tillery, Judge,* at the 31 August 1972 Session of LENOIR County Superior Court.

Defendant was tried upon the charge of uttering a forged check to which he pleaded not guilty. The jury found him guilty as charged, and he was given an active sentence of not less than eight nor more than ten years. This Court granted defendant's petition for writ of certiorari to review the trial.

*Attorney General Morgan, by Deputy Attorney General Vanore, for the State.*

*Turner and Harrison, by Fred W. Harrison, for defendant appellant.*

MORRIS, Judge.

Defendant was charged with uttering a forged check in violation of G.S. 14-120 which reads in relevant part:

"If any person, directly or indirectly, whether for the sake of gain or with intent to defraud or injure any other person, shall utter or publish any such false, forged . . . check . . . , or shall pass or deliver, or attempt to pass or deliver, any of them to another person (knowing the same to be falsely forged . . . ) the person so offending shall be punished by imprisonment . . . "

"Uttering a forged instrument consists in offering to another the forged instrument with the knowledge of the falsity of the

writing and with intent to defraud. 2 Wharton's Criminal Law and Procedure, Anderson Ed., Forgery and Counterfeiting § 648." *State v. Greenlee,* 272 N.C. 651, 657, 159 S.E. 2d 22 (1968).

The sole question presented for our determination is whether the evidence was sufficient to require submission of the case to the jury. Therefore, the evidence must be considered in the light most favorable to the State, and the State must be given the benefit of every reasonable intendment thereon and every reasonable inference to be drawn therefrom. Only the evidence that is favorable to the State is considered and contradictions and discrepancies even in the State's evidence are for the jury and do not warrant nonsuit. *State v. Murphy,* 280 N.C. 1, 184 S.E. 2d 845 (1971).

In brief summary, the evidence in the light most favorable to the State tended to show the following:

William Harold Lane, salesman for Pate's Furniture Company located at 113 West North Street, Kinston, N. C. observed defendant Ray Faulkner standing in front of the furniture store at approximately 8:30 a.m. on 13 March 1972. Lane had just arrived for work and went to the front door and unlocked the store. Defendant Faulkner entered and inquired about purchasing a chair and finally picked one out after examining several items. Defendant told Lane that he was John Smith and gave 1306 West Washington Avenue as his home address. The chair cost $30, and defendant gave Lane a $60 counter check already made out to Pate's Furniture Company and signed by "John H. Smith" with the address "1306 W. Washington, Kinston, N. C." written under the maker's signature. While in Lane's presence, defendant endorsed the name "John H. Smith" on the back of the check. Lane gave the defendant $30, and defendant left the store. Defendant was not asked to endorse the check by Lane or any other employee, it being unnecessary for him to do so since the check was made out to Pate's Furniture Company. An attempt was made to deliver the chair at 1306 West Washington Avenue, but no one by the name of "John H. Smith" resided there or anywhere else in that part of town. Lane then called the bank and found that there was no such account in the name of "John H. Smith."

The evidence was ample to sustain the conviction of defendant for uttering a forged instrument. All of the necessary elements of the crime were established by the evidence if believed by the jury. *State v. Greenlee, supra.*

No error.

Judges BROCK and VAUGHN concur.