STATE OF NORTH CAROLINA v. BILLY GRAY HILL

No. 7621SC417

(Filed 20 October 1976)

Forgery § 2— indictment for uttering — failure to allege fraudulent intent

An indictment for uttering a forged check was fatally defective in failing to allege the check was uttered with intent to defraud where it alleged only that defendant uttered a check upon which the signature of a named person "had been forged with the intent to defraud," since the words "with the intent to defraud" modified the word "forged" and were irrelevant to the distinct charge of uttering.

APPEAL by defendant from *Crissman, Judge.* Judgment entered 19 February 1976 in Superior Court, FORSYTH County. Heard in the Court of Appeals 22 September 1976.

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell, for the State.*

*Joyce Riddle Neely and William G. Pfefferkorn for defendant appellant.*

ARNOLD, Judge.

Defendant contends that the indictment upon which he was tried and convicted for uttering a forged check was fatally defective. He contends that an essential element of the crime of uttering a forged check, that it was uttered with intent to defraud, was not alleged, and that consequently the court lacked jurisdiction.

G.S. 14-120 provides:

> "If any person, directly or indirectly, whether for the sake of gain or with intent to defraud or injure any other person, shall utter or publish any such false, forged or counterfeit bill, note, order, check or security. . . , or shall pass or deliver, or attempt to pass or deliver, any of them to another person (knowing the same to be falsely forged or counterfeit) the person so offending shall be punished by imprisonment . . . . "

The essential elements of the crime of uttering a forged check are (1) the offer of a forged check to another, (2) with knowledge that the check is false, and (3) with the intent to defraud or injure another. *State v. McAllister*, 287 N.C. 178, 214 S.E. 2d 75 (1975); *State v. Faulkner*, 18 N.C. App. 296, 196 S.E. 2d 566 (1973).

The question is whether the indictment alleges each of these essential elements "in a plain, intelligible and explicit manner." G.S. 15-153; *State v. McBane*, 276 N.C. 60, 170 S.E. 2d 913 (1969). Unless it does, it is insufficient and invalid. The indictment reads:

> "THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, That Billy Gray Hill late of the County of Forsyth on the 6th day of December 1974 with force and arms, at and in the County aforesaid, that the said Billy Gray Hill, afterward, to wit; on the day and year aforesaid, at and in the county aforesaid, wittingly unlawfully and feloniously did utter and publish as true a certain false, forged, and counterfeit check, which said false, forged and counterfeit check is as follows: A check drawn upon the account of Craven Steel Company, Inc., Route # 11, Box 430, Greensboro, North Carolina, dated October 29, 1974, check # 2394 payable to the order of Billy. G. Hill in the amount of $123.33, and drawn upon The Northwestern Bank,

Greensboro, North Carolina, upon which the signature of Betty Bush had been forged with the intent to defraud, he the said Billy Gray Hill, at the time he so uttered and published the said false, forged, and counterfeit check, then and there well knowing the same to be false, forged and counterfeit."

Nowhere does the indictment allege that defendant uttered the check with the intent to defraud others. The words "with the intent to defraud," as they appear in the indictment, modify the word "forged" and are irrelevant to the distinct charge of uttering. The indictment is thus void and judgment must be arrested. Since the indictment was void, jeopardy did not attach and the State may try defendant again.

Judgment arrested.

Judges MORRIS and HEDRICK concur.