STATE OF NORTH CAROLINA, PLAINTIFF v. KEITH ERIC SAUNDERS, DEFENDANT

No. COA96-1122

(Filed 17 June 1997)

**1. Conspiracy § 18 (NCI4th)— conspiracy to commit larceny by an employee—defendant not employee**

A person who conspires with another may be convicted of conspiracy to commit a statutory crime even though he could not be convicted of the crime if acting alone; therefore, defendant could be convicted for conspiracy to commit larceny by an employee although he was not employed by the business from which the larceny occurred.

**Am Jur 2d, Conspiracy §§ 5-9.**

**2. Conspiracy § 45 (NCI4th)— conspiracy—co-conspirator's disposition—failure to present record**

In a prosecution for conspiracy, there is not a requirement that more than one person be charged with a conspiracy, but if all

STATE v. SAUNDERS

[126 N.C. App. 524 (1997)]

participants charged in a conspiracy have been legally acquitted, except defendant, then the inconsistent charge of conspiracy against the sole remaining defendant must be set aside; however, in this case the trial court did not err in denying defendant's motion to dismiss the charge of conspiracy because defendant failed to present the Court of Appeals with a record revealing the disposition of his alleged co-conspirator's case pursuant to N.C. R. App. P. 9(a)(3)(e).

**Am Jur 2d, Conspiracy § 24.**

**Prosecution or conviction of one conspirator as affected by disposition of case against coconspirators. 19 ALR4th 192.**

3. **False Pretenses, Cheats, and Related Offenses § 22 (NCI4th)— false representation—obtaining property— defendant's statements—sufficient evidence**

There was sufficient evidence to support defendant's conviction for obtaining property by false pretenses where the element of false representation was proven by defendant's own testimony that he used the merchandise return voucher for items he had not actually purchased "and got other items in its place."

**Am Jur 2d, False Pretenses §§ 11 et seq.**

Appeal by defendant from judgment dated 14 May 1996 by Judge Sanford L. Steelman, Jr., in Guilford County Superior Court. Heard in the Court of Appeals 1 May 1997.

*Attorney General Michael F. Easley, by Assistant Attorney General Virginia A. Gibbons, for the State.*

*Richard A. Elmore, for defendant-appellant.*

GREENE, Judge.

Keith Eric Saunders (defendant) was convicted of conspiracy to commit larceny by an employee and obtaining property by false pretenses on 14 May 1996. On the same day the trial court entered judgment against the defendant on the charge of being a habitual felon and sentenced him to a minimum term of seventy-two months and a maximum term of ninety-six months. The defendant appeals these convictions.

STATE v. SAUNDERS

[126 N.C. App. 524 (1997)]

The State presented evidence that on 5 July 1995 the defendant selected several items of men's clothing from Dillard Department Store (Dillard) and in accordance with a plan he had earlier made with Tina Renee Battle (Battle), who worked as a clerk in that department, presented clothing (which he had not purchased) to Battle who gave the defendant a credit voucher/return receipt. Later that day the defendant presented a return voucher at Dillard in Hanes Mall, in Winston-Salem, and received merchandise in exchange. The defendant, himself, testified that he "used the merchandise return and got other items in its place" and that he tried "to use the merchandise return again in the Four Seasons Mall . . . [but] it was no good." Battle was confronted by her manager when her register was checked. She admitted to agreeing to participate in the scheme with the defendant in exchange for $100 or $200 in return. Battle was fired from her job and placed under arrest. Although the record does not reveal the details of the adjudication of any claim brought against Battle, it does reveal that she was placed in the First Offenders Program and did perform seventy-five hours of community service.

The defendant moved to dismiss the charges on the grounds that (1) he could not be convicted of conspiracy to commit larceny by an employee since he was not an employee of Dillard; (2) that the alleged co-conspirator was not convicted of conspiracy; and (3) the State failed to present substantial evidence that he had falsely represented the sales receipt. The trial court denied each of the motions.

---

The issues are whether the trial court erred in failing to dismiss: (I) the charge against the defendant of conspiracy to commit larceny by an employee where the defendant was not employed by the store from which the merchandise was stolen; (II) the conspiracy charge against defendant because the record does not show that co-conspirator (Battle) was convicted of conspiracy; and (III) the charge of obtaining property by false pretenses on the grounds that the State did not present substantial evidence that the defendant had falsely represented the sales receipt.

I

[1] "A conspiracy is an offense independent of the unlawful act which is its purpose." 15A C.J.S. *Conspiracy* § 42 (1967); *State v. Essick*, 67 N.C. App. 697, 700, 314 S.E.2d 268, 271 (1984) ("The conspiracy is the crime and not its execution."). Thus, a person who conspires with another may be convicted of conspiracy to commit a

STATE v. SAUNDERS

[126 N.C. App. 524 (1997)]

statutory crime even though he could not be convicted of the crime if acting alone. *State v. Davis*, 203 N.C. 13, 27-28, 164 S.E. 737, 745 (1932) (no requirement that indictment of conspiracy allege that all of co-conspirators were employees of bank for charge of embezzlement by bank employees), *cert. denied*, 287 U.S. 649, 77 L. Ed. 561 (1932).

In this case the defendant is charged with conspiracy to commit larceny by an employee although he, himself, was not the employee of the business from which the larceny occurred. The theory, however, upon which he was convicted of this crime was that he conspired with Battle, who was an employee of Dillard, and that as co-conspirators, Battle and the defendant were each liable for the acts committed by either "in furtherance of [the] common design." *State v. Kelly*, 243 N.C. 177, 181, 90 S.E.2d 241, 244 (1955).[1]

Because conspiracy to commit a crime is "an offense independent" of the crime the defendant conspired to commit, *see* 15A C.J.S. *Conspiracy* § 42 (1967), the defendant's conviction for conspiracy to commit larceny by an employee does not require that he be an employee of Dillard as his conviction for conspiracy to commit larceny by an employee is a separate crime from the statutory crime of larceny by an employee. *See Davis*, 203 N.C. at 27-28, 164 S.E. at 745. The trial court, therefore, did not err in denying the defendant's motion to dismiss on this ground.

II

[2] "The general rule is that if all participants charged in a conspiracy have been legally acquitted, except the defendant, then the inconsistent charge or conviction against the sole remaining defendant must be set aside." *State v. Gibson*, 333 N.C. 29, 51, 424 S.E.2d 95, 108 (1992). There is no requirement, however, that more than one person be charged with conspiracy. *State v. Graham*, 24 N.C. App. 591, 594, 211 S.E.2d 805, 807, *cert. denied*, 287 N.C. 262, 214 S.E.2d 434 (1975). If more than one person is charged with the conspiracy, the "dis-

---

1. The statute which the defendant is charged with conspiracy to violate states:

> If any servant or other employee, to whom any money, goods or other chattels . . . shall be delivered safely to be kept to the use of his master, shall withdraw himself from his master and go away with such money, goods or other chattels . . . with intent to steal the same and defraud his master thereof . . . the servant so offending shall be punished as a Class H felon.

N.C.G.S. § 14-74 (1993).

missal of a charge(s) pursuant to a plea agreement does not constitute an acquittal at law." *Gibson*, 333 N.C. at 51-52, 424 S.E.2d at 108.

The defendant argues that because Battle, his co-conspirator, was never convicted of conspiracy he is entitled to an acquittal on the conspiracy charge. The record in this case does not reveal whether Battle was acquitted, pled guilty or was convicted of the theft at Dillard. Because the defendant, the appellant in this case, failed to present this Court with a record revealing the disposition of the alleged co-conspirator's case, N.C.R. App. P. 9(a)(3)(e) (appellant has responsibility to present a full and complete record to this Court "as is necessary for an understanding of all errors assigned"), we must presume that Battle was either not charged with the conspiracy, charged and convicted, or charged and the charges were dismissed in exchange for an agreement to plea to something other than conspiracy. *See State v. Hedrick*, 289 N.C. 232, 234, 221 S.E.2d, 350, 352 (1976) (presumption that jury received proper instruction where charge not included in record). The trial court, therefore, did not err in denying the defendant's motion to dismiss on this ground.

III

**[3]** There are four elements that must be established to sustain a conviction for obtaining property by false pretenses:

> (1) [A] false representation of a past or subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which the defendant obtains or attempts to obtain anything of value from another person.

*State v. Compton*, 90 N.C. App. 101, 103, 367 S.E.2d 353, 354 (1988). The defendant argues that the "State never established that [he] actually presented a sales receipt showing a false credit at any [Dillard] store." The defendant, however, testified that he "used the merchandise return and got other items in its place" and that he tried "to use the merchandise return again in the Four Seasons Mall . . . [but] it was no good." This testimony constitutes "substantial evidence" of the first element of false representation. *See State v. Bates*, 309 N.C. 528, 533, 308 S.E.2d 258, 262 (1983). Thus there was sufficient evidence to support the conviction for obtaining property by false pretenses.

We have reviewed the defendant's other assignments of error and dismiss them without discussion.

No error.

Judges WYNN and TIMMONS-GOODSON concur.