STATE OF NORTH CAROLINA v. THOMAS E. WRIGHT

No. COA08-1392

(Filed 3 November 2009)

**1. Criminal Law— pretrial publicity—continuance denied**

The trial court did not err by denying defendant's motion for a continuance due to pretrial publicity where defendant neither presented evidence to support the motion nor asked the trial court to take judicial notice of any publicity, and all of the jurors stated that they had not heard about the case or could put aside what they had heard or read.

**2. Evidence— character—obtaining property by false pretenses—campaign finance activities—probative of fact other than character**

The trial court did not abuse its discretion in a prosecution for obtaining property by false pretenses by admitting testimony about campaign finance activities that was necessary to show how some of the charges were initiated and was probative of a fact other than the character of defendant.

**3. Appeal and Error— preservation of issues—constitutional issue—evidence not objected to**

A constitutional issue regarding testimony which was not objected to at trial was not preserved for appellate review.

STATE v. WRIGHT

[200 N.C. App. 578 (2009)]

**4. Indictment and Information— answer to jury question—no inconsistency with indictment**

There was no inconsistency between the indictment and the trial court's answer to a jury question about a bank loan in a prosecution for obtaining property by false pretenses.

**5. Appeal and Error— preservation of issues—lack of supporting authority—argument abandoned**

An argument that was not supported by the case cited was deemed abandoned.

**6. False Pretense— bank loan—availability of grant funds**

The trial court did not err by not dismissing one charge of obtaining property by false pretenses with a loan where there was substantial evidence for the jury to infer that the bank relied on a letter falsely representing that grant funds were available in disbursing funds for the loan.

Appeal by defendant from judgments entered 7 April 2008 by Judge Henry W. Hight, Jr. in Wake County Superior Court. Heard in the Court of Appeals 21 May 2009.

*Attorney General Roy Cooper, by Special Deputy Attorney General Alexander McC. Peters, for the State.*

*Douglas S. Harris, for defendant-appellant.*

CALABRIA, Judge.

Thomas E. Wright ("defendant") appeals judgments entered upon jury verdicts finding him guilty of three counts of obtaining property by false pretenses. We find no error.

## I. Background

Defendant was a member of the North Carolina House of Representatives and the president of The Community's Health Foundation, Inc. ("the Foundation"). In the spring of 2002, defendant approached Ronnie Burbank ("Burbank"), a commercial lender with Coastal Federal Bank, and requested a loan to purchase property at 926 North 4th Street in Wilmington, North Carolina for the Foundation. Defendant represented to Burbank that the loan would be repaid through government grant funds.

Five-and-a-half years later, on 10 December 2007, defendant was indicted for six separate offenses, including, *inter alia*, four counts

of obtaining property by false pretenses. Defendant's cases were scheduled for trial on 3 March 2008. On 7 February 2008, defendant filed a Motion to Continue Trial Date and Extend the Discovery Period. The trial court granted the motion and defendant's cases were rescheduled for trial on 31 March 2008.

On 20 March 2008, defendant was removed from the North Carolina House of Representatives. Defendant's counsel stated the removal was the lead news story on all local television stations and "a number of top legislators pronounced defendant guilty of the criminal charges against him."

On 28 March 2008, defendant made another Motion to Continue that was denied by the trial court. Beginning on 31 March 2008, defendant was tried in Wake County Superior Court on four counts of obtaining property by false pretenses. The State presented evidence that defendant contacted Torlen Wade ("Wade"), former acting director of the North Carolina Department of Health and Human Services' Office of Research, Demonstrations, and Rural Health Development, regarding funds needed to secure a building for an African-American history museum that would also house the Foundation. Wade testified he told defendant he could not fund the history project, but could support the health project if defendant went through the appropriate grant process. Defendant told Wade he did not really need the money, he just needed a letter to give to the bank. Subsequently, Wade provided the letter.

Burbank internally approved a loan in the amount of $150,000 to the Foundation on 5 March 2002, relying on defendant's representations that the source of repayment would primarily be the funds obtained from state and federal grants. Wade did not write his letter until 15 March 2002, and Burbank received the letter shortly thereafter. The loan closed on 5 April 2002. Burbank testified he initially relied on the defendant's representations and Wade's letter to approve and later to renew and extend the time for repayment of the loan.

On 14 November 2003, defendant contacted AstraZeneca Pharmaceuticals ("AstraZeneca") and requested a donation of $1,500 to the Foundation for educational initiatives and projects. Brian Shank ("Shank"), a lobbyist for AstraZeneca, recommended a $2,400 contribution from AstraZeneca to the Foundation. Agent Kanawa Perry ("Agent Perry") with the North Carolina State Bureau of Investigation testified that defendant told him he deposited the

Foundation's check into his personal bank account. Shank testified he would not have recommended the contribution to the Foundation if he had known the funds would not have gone to the Foundation.

On 6 February 2004, defendant requested a contribution from Anheuser-Busch Companies, Inc. ("Anheuser-Busch") for the Foundation. Lewis McKinney ("McKinney"), regional director for government affairs with Anheuser-Busch, testified he recommended a $5000 contribution from Anheuser-Busch to the Foundation. Anheuser-Busch sent defendant a $5000 check on 5 March 2004. Defendant told Agent Perry he deposited the funds in his personal bank account. McKinney testified it was his intent in recommending the contribution that it be used for the Foundation and not deposited into defendant's private account.

At the close of the State's evidence, defendant made a motion to dismiss the charge of obtaining $150,000 by false pretenses from Coastal Federal Bank. The trial court denied this motion. Defendant then renewed his motion to dismiss the same charge at the close of all the evidence, and the trial court again denied the motion.

The jury returned verdicts of guilty to three charges of obtaining property by false pretenses: (1) obtaining $150,000 from Coastal Federal Bank; (2) obtaining $2400 from AstraZeneca; and (3) obtaining $5000 from Anheuser-Busch. Defendant was found not guilty on the remaining charge of obtaining $1500 from AT&T Corporation. The trial court sentenced defendant to two consecutive active sentences of a minimum term of six months to a maximum term of eight months. Defendant also received an active sentence of a minimum term of fifty-eight months to a maximum term of seventy-nine months that was to run at the expiration of the first two sentences. All sentences were to be served in the North Carolina Department of Correction. Defendant appeals.

## II. Motion to Continue

[1] Defendant argues that the trial court erred by denying his Motion to Continue. Defendant contends that the extreme publicity in Wake County resulting from defendant's removal from the North Carolina House of Representatives, eleven days prior to the commencement of the trial, irreparably tainted the jury pool. We disagree.

Normally, the review of a denial of a motion for continuance is restricted to whether the trial court abused its discretion and the denial will not be disturbed absent a showing of abuse of that discre-

tion. *State v. Barnard*, 346 N.C. 95, 104, 484 S.E.2d 382, 387 (1997). However, when the motion raises a constitutional issue, the trial court's action is a reviewable question of law. *Id.* "The denial of a motion to continue, even when the motion raises a constitutional issue, is grounds for a new trial only upon a showing by the defendant that the denial was erroneous and also that his case was prejudiced as a result of the error." *Id.* (quoting *State v. Branch*, 306 N.C. 101, 104, 291 S.E.2d 653, 656 (1982)).

Defendant filed a Motion to Continue on the grounds that pretrial publicity had the potential to prejudice the jury pool and deprive defendant of a fair trial, in violation of defendant's due process rights. "Due process requires that the accused receive a trial by an impartial jury free from outside influences." *State v. Boykin*, 291 N.C. 264, 269, 229 S.E.2d 914, 917 (1976) (quoting *Sheppard v. Maxwell*, 384 U.S. 333, 362, 16 L. Ed. 2d 600, 620 (1966)). "[W]here there is a reasonable likelihood that prejudicial news prior to trial will prevent a fair trial, the judge should continue the case until the threat abates, or transfer it to another county not so permeated with publicity." *State v. Richardson*, 308 N.C. 470, 478, 302 S.E.2d 799, 804 (1983) (quoting *Sheppard*, 384 U.S. at 363, 16 L. Ed. 2d at 620). The burden is on the defendant to show "so great a prejudice . . . that he cannot obtain a fair and impartial trial." *Richardson*, 308 N.C. at 478, 302 S.E.2d at 804 (quoting *Boykin*, 291 N.C. at 269, 229 S.E.2d at 917-18).

In the instant case, defendant did not present any evidence to the trial court in support of his Motion to Continue and did not ask the trial court to take judicial notice of any pretrial publicity. The record before this Court is also bereft of any evidence by which defendant's claims regarding pretrial publicity could be evaluated. Without any evidence of the nature of the pretrial publicity complained about by defendant, it is impossible to determine whether defendant was prejudiced or whether the trial court erred by denying the Motion to Continue.

Even assuming, *arguendo*, that there was sufficient evidence of pretrial publicity in the record, the transcript of the *voir dire* proceedings makes it clear that this publicity did not improperly influence the jury. All of the jurors on defendant's jury explicitly stated they either had not heard about defendant's case or that they could put aside what they heard on television or read in newspapers and could determine defendant's guilt or innocence based on the evidence they heard at trial. Under these circumstances, the trial court cannot be said to have erred by denying defendant's Motion to Continue. *See*

*Richardson*, 308 N.C. at 481, 302 S.E.2d at 805; *State v. Johnson*, 317 N.C. 343, 369-72, 346 S.E.2d 596, 610-12 (1986).

### III.  Testimony of Kim Strach

**[2]**  Defendant argues that the trial court erred by allowing testimony by Kim Strach ("Ms. Strach"), Deputy Director of the North Carolina State Board of Elections ("the SBE"). Ms. Strach testified the SBE received a complaint in December 2006 alleging the "Committee to Elect Thomas Wright" violated campaign finance regulations by failing to timely report receipt of some contributions that it had received. The SBE subpoenaed defendant's bank account records and compared them to campaign finance reports. The SBE discovered some campaign contributions that were deposited had not been disclosed. Based on this information, the SBE decided to audit the accounts. The SBE examined every check and discovered that between 2000 and 2006, 58% of defendant's campaign contributions were deposited into his personal account. During the audit, the SBE noticed checks from AstraZeneca and Anheuser-Busch deposited in defendant's personal account. Ms. Strach further testified about the amount of defendant's campaign expenditures and contributions that had not been disclosed.

### A.  Rule 404(b)

Defendant argues that Ms. Strach's testimony was inadmissible under N.C. Gen. Stat. § 8C-1, Rules 403 and 404(b)(2007). "We review a trial court's determination to admit evidence under N.C. R. Evid. 404(b) and 403, for an abuse of discretion." *State v. Summers*, 177 N.C. App. 691, 697, 629 S.E.2d 902, 907 (2006) (citations omitted). Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (2007). Rule 404(b) "state[s] a clear general rule of *inclusion* of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but *one exception* requiring its exclusion if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *State v. Coffey*, 326 N.C. 268, 278-79, 389 S.E.2d

48, 54 (1990). "Rule 404(b) evidence, however, should be carefully scrutinized in order to adequately safeguard against the improper introduction of character evidence against the accused." *State v. al-Bayyinah*, 356 N.C. 150, 154, 567 S.E.2d 120, 122 (2002).

Ms. Strach's testimony related directly to obstruction of justice charges against defendant that were not joined with the four counts of obtaining property by false pretenses for defendant's trial. However, Ms. Strach's testimony was necessary for the State to show how some of the charges in the instant case were initiated. Ms. Strach testified that the improper transfers of the contributions by AstraZeneca and Anheuser-Busch into defendant's personal accounts were first discovered after audits were performed. Because Ms. Strach's testimony was probative of a fact other than the character of the defendant, the trial court did not abuse its discretion in allowing the testimony.

B. Due Process

[3] Defendant argues that allowing evidence about defendant's campaign expenditures was equivalent to trying defendant for the obstruction of justice charge which was severed before trial began, in violation of defendant's right to due process. Defendant contends he was deprived of effective assistance of counsel because counsel did not have adequate time to prepare to address the obstruction of justice charge.

At trial, defendant did not object to Ms. Strach's testimony on this basis, and he has therefore failed to preserve his constitutional arguments for appellate review. It is well settled that constitutional issues cannot be raised for the first time on appeal. *State v. Anthony*, 354 N.C. 372, 389, 555 S.E.2d 557, 571 (2001). This assignment of error is overruled.

IV. Trial Court's Response to Jury Questions

[4] After the jury retired to deliberate, the jury presented a question to the trial court regarding the charges on Count Number 4, obtaining the $150,000 loan from Coastal Federal Bank by false pretenses ("Count Four"). The jury asked two questions: (1) whether renewal and extension of bank loans mean the same thing as "obtained a loan" and (2) does the representation to the bank only include a copy of the letter to the bank or does it include any oral and/or verbal representations? After hearing from counsel, the trial court instructed the jury that renewal and extension of bank loans mean the same thing as

"obtained a loan" and that the representation to the bank "only includes a copy of the letter."

## A. Consistency of Trial Court's Answer with Indictment

Defendant argues the trial court erred in its answer to the jury's first question. Defendant contends that the trial court's answer was inconsistent with both the indictment and the trial court's original charge to the jury. An inquiry into whether a variance between a bill of indictment and a jury charge was prejudicial error and therefore fatal requires an examination of the purposes of an indictment, which are: "(1) to identify the crime with which defendant is charged, (2) to protect defendant against being charged twice for the same offense, (3) to provide defendant with a basis on which to prepare a defense, and (4) to guide the court in sentencing." *State v. Hines*, 166 N.C. App. 202, 206-07, 600 S.E.2d 891, 895 (2004) (citation omitted).

Here, the "variance" did not result in failure to identify the crime charged and defendant was not charged twice for the same offense. For his actions procuring the loan, defendant was only charged on one count of obtaining property by false pretenses. Defendant had a basis for defense and the indictment put defendant on notice it was considering defendant's use of the letter from Wade during the time frame of 13 March 2002 until June 2004. There was no inconsistency between the trial court's answer to the jury questions and the indictment.

Defendant also argues the judge's answers violate N.C. Gen. Stat. § 15A-924(a)(2), which reads: "(a) A criminal pleading must contain: . . . (2) A separate count addressed to each offense charged, but allegations in one count may be incorporated by reference in another count." N.C. Gen. Stat. § 15A-924(a)(2) (2007). Defendant was charged with only one offense in Count Four and convicted of one offense in Count Four. This assignment of error is overruled.

## B. Trial Court's Answer

[5] Defendant argues the trial court's answer was manifestly unsupported by reason because the loan was internally approved before the letter was written and the recipients had already received the money. The only case defendant cites in support of this argument, *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985), merely states the standard of review for abuse of discretion. This case does not support defendant's position. As such, we deem this assignment of error abandoned pursuant to N.C.R. App. P. 28(b)(6) (2008).

## V. Motion to Dismiss Count Four

[6] Defendant argues that the trial court erred by denying defendant's motion to dismiss Count Four. "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (citation omitted). To sustain a conviction for obtaining property by false pretenses, the State must establish: "(1)[A] false representation of a past or subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which the defendant obtains or attempts to obtain anything of value from another person." *State v. Saunders*, 126 N.C. App. 524, 528, 485 S.E.2d 853, 855-56 (1997). In the instant case, the State presented substantial evidence of each element of the offense. The State's evidence established that defendant used Wade's letter to falsely represent that he had obtained grant funds in order to obtain a thing of value, the loan. Defendant's argument focuses on the fact that Wade's letter was written on 15 March 2002, ten days after the date Burbank internally approved the loan. However, the loan was not disbursed until April 2002, and Burbank testified he relied on the letter in closing the loan. There is substantial evidence for a jury to infer the bank relied on the letter in disbursing the funds for the loan. The trial court properly denied defendant's motion to dismiss.

## VI. Conclusion

Defendant has failed to bring forth any argument regarding his remaining assignment of error. As such, we deem this assignment of error abandoned pursuant to N.C.R. App. P. 28(b)(6) (2008).

Defendant received a fair trial, free from error.

No error.

Judges BRYANT and ELMORE concur.