STATE OF NORTH CAROLINA v. GREGORY MARK BROWN

No. COA11-659

(Filed 6 December 2011)

**Forgery—evidence not sufficient—elements of uttering and false pretenses not satisfied**

The trial court erred by not dismissing charges for uttering a forged instrument and obtaining property by false pretenses where there was insufficient evidence of forgery. The evidence cited by the State may have indicated some sort of wrongdoing, but did not demonstrate forgery.

STATE v. BROWN

[217 N.C. App. 380 (2011)]

Appeal by defendant from judgment entered on or about 2 February 2011 by Judge W. Erwin Spainhour in Superior Court, Cabarrus County. Heard in the Court of Appeals 7 November 2011.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Seth P. Rosebrock, for the State.*

*Daniel M. Blau, for defendant-appellant.*

STROUD, Judge.

Defendant appeals his convictions for uttering a forged instrument, attempting to obtain property by false pretenses, and obtaining the status of habitual felon. As the State failed to present substantial evidence of forgery, we vacate defendant's convictions.

## I. Background

The State's evidence tended to show that on 17 February 2009, Ms. Alice Bolder was working as a teller in the drive-thru at Fifth Third Bank in Kannapolis, North Carolina when she was given a check made out to defendant that "looked very strange." Ms. Bolder notified her supervisor who called the police. Defendant provided a written statement to Officer Gohlke of the Kannapolis Police Department:

On February 16, 2009, I was in Charlotte and a light skinned black dude I know as "J" gave me a check for $655.20 written on a check from HP Invent in Statesville, NC. Previously he asked me if I had an account at Fifth Third Bank. I told him I did. "J" gave me the check and I asked him if the money was in there and he said it was. "J" told me that if I cashed it for him, I could keep $50 from it. I am not sure if "J" really works for HP. "J" said he would call me later and get his money. I don't know "J['s]" number.

(Original in all caps.)

On or about 18 May 2009, defendant was indicted for uttering a forged instrument, obtaining property by false pretenses, and obtaining the status of habitual felon. Defendant was tried by a jury and found guilty of all of the charges. The trial court determined defendant had a prior record level of III, and defendant was sentenced to 70 to 93 months imprisonment. Defendant appeals.

## II. Motion to Dismiss

Defendant contends that "the trial court erred by denying Mr. Brown's motion to dismiss the charges at the close of all the evi-

dence, where the evidence was insufficient to prove Mr. Brown guilty of either uttering a forged instrument or attempted obtaining property by false pretenses." (Original in all caps.)

The standard of review for a motion to dismiss is well known. A defendant's motion to dismiss should be denied if there is substantial evidence of: (1) each essential element of the offense charged, and (2) of defendant's being the perpetrator of the charged offense. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. The Court must consider the evidence in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn from that evidence.

*State v. Johnson*, ___ N.C. App. ___, ___, 693 S.E.2d 145, 148 (2010) (citations and quotation marks omitted).

"The essential elements of the crime of uttering a forged check are (1) the offer of a forged check to another, (2) with knowledge that the check is false, and (3) with the intent to defraud or injure another." *State v. Hill*, 31 N.C. App. 248, 249, 229 S.E.2d 810, 810 (1976).

To sustain a conviction for obtaining property by false pretenses, the State must establish: (1) A false representation of a past or subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which the defendant obtains or attempts to obtain anything of value from another person.

*State v. Wright*, 200 N.C. App. 578, 586, 685 S.E.2d 109, 115 (2009) (citation, quotation marks, and brackets omitted). Defendant does not contest the evidence as to each element of the charged offenses but only argues that "the State was required to prove that Mr. Brown's check was actually forged in order to secure a conviction for either offense" and that "[t]he State did not meet its burden in this case because it did not present any evidence that Mr. Brown's check was actually forged."

While Chapter 14, Article 21 of our General Statutes entitled "Forgery" does not define the word "forgery," our case law has stated that "[t]he books abound in definitions of forgery" and though "[i]t would be difficult to frame a definition to include all possible cases . . . as a rule the false writing must purport to be the writing of a party other than the one who makes it and it must indicate an

attempted deception of similarity." *State v. Lamb*, 198 N.C. 423, 425, 152 S.E. 154, 155 (1930).

The State directs our attention to five pieces of evidence that it claims show forgery. The first piece of evidence is that "the Defendant presented a HP payroll check at Fifth Third Bank to be cashed[,]" but the fact that defendant presented a check to be cashed does not demonstrate that the check was forged. Second, the State notes that Ms. Bolder found the check "to be 'very strange' . . . due to a number of discrepancies in the format and content of the payroll check[;]" while "strangeness" may be circumstantial evidence of some wrongdoing, it does not specifically provide evidence of forgery. Third, the State argues that the check "appear[ed] to be a HP payroll check," but defendant admitted he "did not work for HP[,]" but the fact that defendant did not work for HP is not evidence that the check was not from HP. Fourth, the State directs this Court's attention to defendant's admission

> that, although the check was made payable to the Defendant, it was not his check, and he was not entitled to retain all the proceeds of the same; the Defendant indicated that he had been approached by a third-party and offered fifty dollars . . . from the proceeds of the check if he would cash the same.

While such statements by defendant may be circumstantial evidence of some sort of wrongdoing on the part of defendant, they are not evidence of forgery, i.e., that the writing was false in that it was not a check from HP. *See id.* Lastly, the State contends that "most importantly, the Defendant admitted that he knew the check was not good." After a thorough review of the transcript, we find no such admission by defendant. During defendant's trial, the State's attorney repeatedly asked Officer Gohlke whether defendant "acknowledged that he knew the check was no good[,]" but Officer Gohlke ultimately testified that the statements regarding the check being "no good" were his own words "summarizing" defendant's statements; defendant had only actually "acknowledged that someone else gave him the check and that he didn't work for HP[.]" While Ms. Bolder's determination that the check was strange and defendant's admissions regarding how he obtained the check are both circumstantial evidence of some sort of malfeasance, they are not specifically evidence of forgery. As there was insufficient evidence of forgery, the elements of uttering a forged instrument were not shown by the State. *See Hill*, 31 N.C. App. at 249, 229 S.E.2d at 810. Furthermore, without evidence of forgery, we find no other facts in the record upon which the State could establish the

essential element of "false pretenses" for purposes of the crime of obtaining property by false pretenses. *Wright*, 200 N.C. App. at 586, 685 S.E.2d at 115. Accordingly, the trial court erred in denying defendant's motion to dismiss.

### III.  Conclusion

For the foregoing reasons, we vacate. As we are vacating defendant's convictions, we need not address his other issues on appeal.

VACATED.

Chief Judge MARTIN and Judge ERVIN concur.