GEER, Judge.
Defendant Josh Hilmi Akbas appeals from judgments entered upon his plea of no contest to four counts of breaking and entering and the status offense of habitual breaking and entering. We affirm the judgments of the trial court.
On 18 August 2014, defendant was indicted on four counts of breaking and entering and four counts of larceny after breaking and entering, stemming from a series of robberies committed in Hamptonville and Yadkinville, North Carolina. Subsequently, on 26 January 2015, defendant was indicted for the status offense of habitual breaking and entering.
On 28 January 2015, pursuant to a plea agreement with the State, defendant pled no contest to four counts of breaking and entering and habitual breaking and entering. In exchange, the State dismissed a total of 10 charges which were pending against defendant. Pursuant to the plea agreement, the trial court consolidated the offenses into two judgments and sentenced defendant to two consecutive active sentences of 33 to 52 months of imprisonment. Defendant filed a timely written notice of appeal.
Counsel appointed to represent defendant is unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. He has shown to the satisfaction of this Court that he has complied with the requirements of Anders v. California, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396 (1967), and State v. Kinch, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising defendant of his right to file written arguments with this Court and providing him with the documents necessary for him to do so.
Defendant has filed a pro se brief raising the issue whether the imposition of an increased sentence pursuant to the status offense of habitual breaking and entering violated defendant's due process and double jeopardy rights under the Fifth Amendment. However, this constitutional argument was not raised below, and "[i]t is well settled that constitutional issues cannot be raised for the first time on appeal." State v. Wright, 200 N.C.App. 578, 584, 685 S.E.2d 109, 114 (2009), appeal dismissed, 363 N.C. 812, 693 S.E.2d 142 (2010). Accordingly, we will not consider the merits of defendant's argument.
In accordance with Anders, we have fully examined the record to determine whether any issues of arguable merit appear therefrom or whether the appeal is wholly frivolous. We have examined the record for possible prejudicial error and have found none. Because defendant has raised only an issue which was not preserved for appellate review, we conclude the appeal is wholly frivolous.
AFFIRMED.
Judges McCULLOUGH and ZACHARY concur.
Report per Rule 30(e).