STATE v. STEVENS

[228 N.C. App. 352 (2013)]

STATE OF NORTH CAROLINA
v.
WESLEY DELAND STEVENS

No. COA12-1394

Filed 16 July 2013

1. **Indictment and Information—contributing to the delinquency and neglect of a minor—not fatally defective**

   An indictment for contributing to the delinquency and neglect of a minor was not fatally defective where neither certain factual statements in the body of the indictment nor the caption of the indictment rendered the indictment fatally defective. Furthermore, the offense charged did not require a parental or caretaker relationship between a defendant and a juvenile.

2. **Child Abuse, Dependency, and Neglect—contributing to the delinquency and neglect of a minor—sufficient evidence**

   The trial court did not err by denying defendant's motion to dismiss the charge of contributing to the delinquency and neglect of a minor. There was sufficient evidence of each element of the charge.

3. **Indictment and Information—contributing to the delinquency and neglect of a minor—instruction on intent—theory not supported by indictment**

   The trial court erred in a contributing to the delinquency and neglect of a minor case by permitting the jury to convict defendant on a theory which was not supported by the indictment. The trial

court's reinstruction on the legal definition of intent permitted the jury to convict defendant on a criminal negligence theory of assault, a theory not alleged in the indictment.

**4. Child Abuse, Dependency, and Neglect—contributing to the delinquency and neglect of a minor—expert testimony**

The trial court did not commit plain error in a contributing to the delinquency and neglect of a minor case by failing to *sua sponte* instruct the jury that an expert witness's testimony could be considered only for corroborative purposes. The rule in *State v. Hall*, 330 N.C. 808, that evidence of post-traumatic stress syndrome may not be admitted substantively for the sole purpose of proving that a rape or sexual abuse has in fact occurred is inapplicable to a charge defined in N.C.G.S. § 14-316.1.

Appeal by Defendant from judgments entered 1 March 2012 by Judge Paul G. Gessner in Superior Court, Wake County. Heard in the Court of Appeals 7 May 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Linda Kimbell, for the State.*

*Gerding Blass, PLLC, by Danielle Blass, for Defendant.*

McGEE, Judge.

Wesley Deland Stevens (Defendant) was convicted of assault on a child under twelve years of age and contributing to the delinquency and neglect of a minor. Defendant appeals.

### I. Indictment for Contributing to the Delinquency and Neglect of a Minor

**[1]** Defendant argues the indictment for contributing to the delinquency and neglect of a minor was fatally defective. We disagree.

"On appeal, we review the sufficiency of an indictment *de novo*." *State v. McKoy*, 196 N.C. App. 650, 652, 675 S.E.2d 406, 409 (2009). A criminal pleading must contain a "plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation." N.C. Gen. Stat. § 15A-924(a)(5) (2011).

Defendant was charged with contributing to the delinquency and neglect of a minor, defined as follows:

> Any person who is at least 16 years old who knowingly or willfully causes, encourages, or aids any juvenile within the jurisdiction of the court to be in a place or condition, or.to commit an act whereby the juvenile could be adjudicated delinquent, undisciplined, abused, or neglected as defined by G.S. 7B-101 and G.S. 7B-1501 shall be guilty of a Class 1 misdemeanor.

N.C. Gen. Stat. § 14-316.1 (2011).

The indictment read:

> [O]n or about the 16th day of June 2011, in the county named above, [Defendant] named above knowingly and willfully caused or encouraged or aided D.F. (dob 12/02/2002), a juvenile within the jurisdiction of the Court, to be in a place or condition whereby D.F. could be adjudicated[] [dependent], neglected[,] or undisciplined as defined in N.C.G.S. Chapter 7B. This act was done in violation of N.C. Gen. Stat. § 14-316.1.

Defendant contends the indictment "contains no factual statements, other than the date of birth of the juvenile, to apprise [Defendant] of the conduct which was the subject of the accusation." An "indictment for a statutory offense is sufficient, if the offense is charged in the words of the statute, either literally or substantially, or in equivalent words." *State v. Barnett*, ___ N.C. App. ___, ___, 733 S.E.2d 95, 98 (2012). The indictment lists the date upon which Defendant is alleged to have caused, encouraged, or aided the juvenile such that the juvenile could be adjudicated neglected, gives the juvenile's initials and date of birth, and tracks the statutory language of the offense. These factual statements do not render the indictment fatally defective.

Defendant also contends "the caption states the alleged crime as 'contributing to the delinquency of a minor[,'] when in fact the State proceeded on contributing to the neglect of a juvenile[.]" The caption is not part of an indictment and "can neither enlarge nor diminish the offense charged in the body of the indictment." *State v. Billinger*, ___ N.C. App. ___, ___, 714 S.E.2d 201, 207 (2011). The caption referring to delinquency cannot diminish the offense charged in the body of an indictment referring to neglect. The caption of the indictment in the present case does not render the indictment fatally defective.

Defendant further contends the indictment should have alleged "a factual statement that [Defendant] had a parental or caretaker relationship or that he failed to obtain necessary medical treatment for [the juvenile] for an eye injury." Defendant cites no authority supporting his contention that the indictment "needed to have alleged more[.]" N.C.G.S. § 14-316.1 does not require a parental or caretaker relationship between a defendant and a juvenile.

"Any person" who causes a juvenile to be in a place or condition where the juvenile could be adjudicated neglected is guilty of a Class 1 misdemeanor. N.C.G.S. § 14-316.1. A neglected juvenile is a "juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care[.]" N.C. Gen. Stat. § 7B-101(15) (2011). Defendant need only be a person who causes a juvenile to be in a place or condition where the juvenile does not receive proper care from a caretaker or is not provided necessary medical care. The indictment in the present case is not fatally defective.

## II. Sufficiency of the Evidence of Contributing to the Delinquency and Neglect of a Minor

[2] Defendant argues the trial court erred in denying Defendant's motion to dismiss for insufficient evidence of contributing to the delinquency and neglect of a minor. We disagree.

We review the trial court's denial of a motion to dismiss *de novo*. *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). The "trial court must determine whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. Bradshaw*, 366 N.C. 90, 93, 728 S.E.2d 345, 347 (2012) (internal quotation marks omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The "trial court must consider the evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor." *Id.* "All evidence, competent or incompetent, must be considered. Any contradictions or conflicts in the evidence are resolved in favor of the State, and evidence unfavorable to the State is not considered." *Id.* (internal citations and quotation marks omitted).

> Any person who is at least 16 years old who knowingly or willfully causes, encourages, or aids any juvenile within the jurisdiction of the court to be in a place or condition, or to commit an act whereby the juvenile could be adjudicated delinquent, undisciplined, abused, or neglected as

defined by G.S. 7B-101 and G.S. 7B-1501 shall be guilty of a Class 1 misdemeanor.

N.C.G.S. § 14-316.1. We note that this offense requires two different standards of proof. First, the State must show, beyond a reasonable doubt, that Defendant knowingly or willfully caused, encouraged, or aided the juvenile to be in a place or condition whereby the juvenile could be adjudicated neglected. Second, adjudication of neglect requires the State to show, by clear and convincing evidence, that a juvenile is neglected. *See* N.C. Gen. Stat. § 7B-805 (2011).

Defendant argues that the State presented no evidence that Defendant was a "parent, guardian, custodian, or caretaker[.]" As previously discussed, Defendant need not be a parent or caretaker in order to violate N.C.G.S. § 14-316.1. Defendant need only be a person who causes a juvenile to be in a place or condition where the juvenile does not receive proper care from a caretaker or is not provided necessary medical care.

Defendant further contends the State presented insufficient evidence the juvenile was neglected, citing *In re Huber*, 57 N.C. App. 453, 291 S.E.2d 916 (1982), to argue that the juvenile's eye injury did not fall below a normative standard of care. Trial testimony shows the following. The juvenile was eight years old at the time of the offense. While the juvenile was riding his bicycle in his neighborhood, Defendant was riding a bicycle as well. Defendant "got in front of [the juvenile]," and then roped the juvenile's handlebars to Defendant's bicycle seat. Defendant did not answer the juvenile's question about the use of the rope.

The juvenile found it difficult to ride with the bicycles tied together because Defendant was "going a little bit too fast for [the juvenile's] legs to go." The juvenile tried to stop Defendant by pulling on the bicycle brakes, but gave up after his hands started to hurt. Eventually, the juvenile was injured.

> [Juvenile]. [Defendant] got up and took off his belt because he was talking to someone else who got beat up and [Defendant] swang his belt and it hit a window and then it hit my eye. . . .
>
> [State]. And when the belt hit the window, what happened?
>
> A. The metal piece came off and hit my eye. . . .
>
> Q. What about when your eye got hit, what did [Defendant] say?

A.  Nothing.

Q.  Did you tell him that you had gotten hit in the eye?

A.  Yes.

Q.  And he didn't say anything?

A   No.

Defendant and the juvenile bicycled to a store. On the way, Defendant began drinking from a "grey can with white words." Defendant and the juvenile stopped "near some bushes that were in the middle of the parking lot." The juvenile asked to go home, but Defendant "didn't say anything." While Defendant continued to drink, the juvenile fell asleep. When he woke up, Defendant was gone.

Considering the evidence in the light most favorable to the State, this constitutes sufficient evidence that Defendant put the juvenile in a place or condition whereby the juvenile could be adjudicated neglected. This Court has held that a mother's "delay in seeking necessary medical care" for a child supported the conclusion of law that the child was neglected. *In re C.P., L.P. & N.P.*, 181 N.C. App. 698, 704, 641 S.E.2d 13, 17 (2007). The "determinative factors are the circumstances and conditions surrounding the child, not the fault or culpability of the parent; the fact that the parent loves or is concerned about [the] child will not necessarily prevent the court from making a determination that the child is neglected." *Id.* (alterations in original).

In the present case, Defendant took the juvenile away from the area near the juvenile's home. When the juvenile became injured, Defendant apparently ignored him. Defendant then abandoned the sleeping juvenile in a parking lot. Defendant put the juvenile in a place or condition where the juvenile could be adjudicated neglected because he could not receive proper supervision from his parent. The trial court did not err in denying Defendant's motion to dismiss the charge of contributing to the neglect of a juvenile.

### III. Assault on a Child under Twelve Years of Age

**[3]** Defendant next argues the trial court erred in permitting the jury to convict Defendant on a criminal negligence theory of intent, which was not alleged in the indictment. We agree.

"It is a well-established rule in this jurisdiction that it is error, generally prejudicial, for the trial judge to permit a jury to convict upon some

abstract theory not supported by the bill of indictment." *State v. Hines*, 166 N.C. App. 202, 206, 600 S.E.2d 891, 895 (2004).

In the present case, the indictment for assault on a child under twelve years of age read as follows:

> [D]efendant named above unlawfully and willfully did assault D.F., a child under the age of 12, to wit: hitting him in the face by swinging about his belt. This was done in violation of N.C.G.S. § 14-33(c)(3).

Initially, the trial court did not instruct the jury on criminal negligence. After the jury asked for clarification on the "legal definition of intent[,]" the trial court reinstructed the jury, as follows:

> Intent is a mental attitude seldom provable by direct evidence. It must ordinarily be proven by circumstances from which it may be inferred. You arrive at the intent of a person by such just and reasonable deductions from the circumstances proven as a reasonably prudent person would ordinarily draw therefrom.
>
> That definition of intent applies as well to the assault on a child, and I will instruct you in addition that the state must prove – with respect to assault on a child under 12, the state most prove that intent – that the defendant intentionally assaulted the victim by hitting him with a belt and that that intent must either be, number one, actual intent or intent or it can be inferred from a showing of culpable negligence.
>
> Culpable negligence is conduct of a willful, gross and flagrant character evincing reckless disregard for the safety of others.

The instruction permitted the jury to convict Defendant on a criminal negligence theory of assault, a theory not alleged in the indictment. *See Hines*, 166 N.C. App. at 207, 600 S.E.2d at 896. The trial court erred in denying Defendant's motion to dismiss. Because of this holding, we need not reach Defendant's argument regarding the sufficiency of the evidence of assault on a child under twelve years of age.

## IV. Jury Instruction

**[4]** Defendant argues that the trial court committed plain error in failing to *sua sponte* instruct the jury that an expert witness's testimony could be considered only for corroborative purposes. We disagree.

.

Defendant did not request a limiting instruction at the time the evidence was admitted. We review only for plain error. *State v. Demos*, 148 N.C. App. 343, 348-49, 559 S.E.2d 17, 21 (2002). Defendant cites a rule that evidence of post-traumatic stress syndrome may not "be admitted substantively for the sole purpose of proving that a rape or sexual abuse has in fact occurred." *State v. Hall*, 330 N.C. 808, 822, 412 S.E.2d 883, 891 (1992). However, this rule does not apply here. *Hall* specifically applies to rape or sexual abuse cases. The present case involves no rape or sexual abuse. Defendant cites no authority that the rule applies to a charge defined in N.C.G.S. § 14-316.1, and our research reveals no such case. The trial court did not commit plain error by failing to *sua sponte* instruct the jury.

In conclusion, we must reverse the conviction for assault of a child under twelve years of age due to error in the trial court's jury instructions. Defendant's remaining arguments reveal no error in the trial court.

No error in part; reversed in part.

Judges STEPHENS and HUNTER, JR. concur.