An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1151
NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

STATE OF NORTH CAROLINA

v.                                    Wake County
                                      No. 12 CRS 219919
KEVIN LIN SOUDEN


Appeal by defendant from judgments entered 9 April 2013 by Judge Reuben F. Young in Wake County Superior Court. Heard in the Court of Appeals 20 February 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Amy Bircher, for the State.*
>
> *William D. Spence, for defendant-appellant.*


CALABRIA, Judge.


Kevin Lin Souden ("defendant") appeals judgments entered upon jury verdicts finding him guilty of assault inflicting physical injury by strangulation ("assault by strangulation") and assault on a female. We find no error.

## I. Background

On the evening of 31 August 2012, defendant and his wife Jessica Miller ("Jessica"), began arguing while drinking Jim

Beam whiskey at defendant's residence in Raleigh, North Carolina. The argument escalated as defendant continued to consume alcohol. Defendant began pushing Jessica, then hit and slapped her.

In an effort to escape from defendant, Jessica locked herself in the bedroom. Defendant broke through the door, damaging the doorframe, and put his hands around Jessica's neck, forcing her down onto the bed. Defendant choked her with his hands until she lost consciousness.

At 3:15 a.m. on 1 September 2012, Officers Mark Miller ("Officer Miller") and Marcus Kirk ("Officer Kirk") of the Raleigh Police Department responded to a call regarding a possible fight in defendant's apartment. Jessica answered the door. She was crying and disoriented, and had visible injuries including a cut above her lip and a swollen right eye. Officer Miller stepped outside with her while defendant remained in the apartment with Officer Kirk. Jessica told Officer Miller that defendant had choked her with his hands around her neck until she lost consciousness. Officer Miller photographed her injuries, including markings around her neck.

Defendant was subsequently arrested and charged with assault by strangulation and assault on a female. At trial,

Jessica testified that she lost consciousness after defendant put both of his hands around her throat and forced her down onto the bed. Officer Miller testified regarding Jessica's injuries, including the markings around her neck. Officer Miller's photographs of Jessica's injuries were admitted into evidence.

The jury returned verdicts finding defendant guilty of assault by strangulation and assault on a female. The trial court sentenced defendant to 75 days for the assault on a female offense, and a minimum of eight months to a maximum of nineteen months in the custody of the Division of Adult Correction for the assault by strangulation offense. Defendant appeals.

## II. Motion to Dismiss

Defendant argues that the trial court erred in denying his motion to dismiss the charge of assault by strangulation at the close of all the evidence. We disagree.

This Court reviews a trial court's motion to dismiss *de novo*. *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citation omitted). "When ruling on a defendant's motion to dismiss, the trial court must determine whether there is substantial evidence (1) of each essential element of the offense charged, and (2) that the defendant is the perpetrator of the offense." *Id.* (citation omitted). "Substantial evidence

is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* "If a jury could reasonably infer defendant's guilt when the evidence is viewed in the light most favorable to the State, then the motion must be denied." *State v. Hines*, 166 N.C. App. 202, 205, 600 S.E.2d 891, 894 (2004).

To establish assault by strangulation, the State must prove that the defendant both assaulted the victim and "inflict[ed] injury by strangulation." N.C. Gen. Stat. § 14-32.4(b) (2013). The statute does not define strangulation. However, the pattern jury instruction defines strangulation as "a form of asphyxia characterized by closure of the blood vessels and/or air passages of the neck as a result of external pressure on the neck brought about by . . . the manual assertion of pressure." N.C.P.I. Crim. 208.61 n.1.

In *State v. Braxton*, the State presented evidence that the defendant grabbed the victim by the throat several times during a struggle, causing her to have trouble breathing. 183 N.C. App. 36, 43, 643 S.E.2d 637, 642 (2007). The court provided the jury with the pattern jury instruction definition for strangulation. *Id.* at 42, 643 S.E.2d at 642. This Court held that the State "was not required to prove that [the victim] had

a complete inability to breathe" in order to establish assault by strangulation. *Id.* at 43, 643 S.E.2d at 642. Instead, the State presented sufficient evidence showing that the defendant "applied sufficient pressure to [the victim's] throat such that she had difficulty breathing." *Id.* In *State v. Lowery*, the State presented the victim's testimony as well as the testimony of a physician's assistant who examined the victim and photographs of the victim's neck depicting bruises and abrasions on her neck. This Court held that the State's evidence was "sufficient for the finder of fact to determine that the act of strangulation caused the physical injuries[.]" ___ N.C. App. ___, ___, 743 S.E.2d 696, 699 (2013).

In the instant case, Jessica testified that defendant put both of his hands around her throat and that she subsequently lost consciousness. She also testified that her neck became "completely swollen" the morning after the fight, and that more bruising lasted for a week after the incident. Officer Miller corroborated Jessica's testimony when he testified that he saw markings around her neck that were substantial enough to photograph for evidence and to establish probable cause for defendant's arrest.

While defendant contends that there is evidence to show that Jessica "passed out" because she had consumed alcohol, this argument relates to the weight of the evidence and not the sufficiency. Viewing the evidence in the light most favorable to the State, the State presented sufficient evidence to show assault by strangulation and substantial evidence for a jury to reasonably infer defendant's guilt. Therefore, the trial court properly denied defendant's motion to dismiss.

### III. Closing Argument

Defendant also argues that the trial court erred by failing to intervene *ex mero motu* regarding the State's closing argument. Specifically, defendant contends that the State's closing argument encouraged the jury to convict him based on improper considerations of sympathy for the victim rather than the relevant law applied to the evidence. We disagree.

Since defendant failed to object to the statements in question during closing argument, "[t]he impropriety of the argument must be gross indeed in order for this Court to hold that a trial judge abused his discretion in not recognizing and correcting *ex mero motu* an argument which defense counsel apparently did not believe was prejudicial when he heard it." *State v. McCollum,* 177 N.C. App. 681, 685, 629 S.E.2d 859, 862

(2006) (citation omitted). "To establish such an abuse, defendant must show that the prosecutor's comments so infected the trial with unfairness that they rendered the conviction fundamentally unfair." *State v. Davis,* 349 N.C. 1, 23, 506 S.E.2d 455, 467 (1998), *cert. denied,* 526 U.S. 1161, 144 L.Ed.2d 219 (1999). "[O]n appeal we must give consideration to the context in which the remarks were made and the overall factual circumstances to which they referred." *State v. Call*, 353 N.C. 400, 417, 545 S.E.2d 190, 201 (2001). "During the guilt phase of a trial, the focus is on guilt versus innocence . . . pity for the victim . . . may be an inappropriate basis for a jury decision as to guilt or innocence. Arguments which emphasize these factors are properly deemed prejudicial." *State v. Oliver*, 309 N.C. 326, 360, 307 S.E.2d 304, 326 (1983).

In the instant case, defendant argues that the following excerpt from the State's closing argument was so grossly improper such that the trial court abused its discretion by failing to intervene:

> This time it's Jessica knocking. She's knocking for you. She wants to know is there finally going to be justice in this world for me. I'm doing what I can. Can I count on my community and my society to help me out when I help myself? All we ask is you all answer with a resounding yes.

Whether the State "infected" the jury with unfairness to render the conviction fundamentally unfair depends on whether or not the State emphasized pity for the victim. The State's argument focused on the elements of defendant's offenses, the evidence the State had presented to prove each of those elements, and refuted defendant's attempts to cast doubt upon that evidence. The prosecutor specifically asked the jury to apply the evidence they heard to the relevant law that the judge was about to tell them. His argument, in pertinent part, stated:

> You've heard the evidence. What you haven't heard, what you're about to hear is the law that's given out in this case. That's what we told you the judge is about to tell you, you're going to have to apply this law to the facts that you heard.
>
> . . .
>
> Those are the elements. Those are the things that you all are going to have to find. This is what your job's going to be, take those elements and match it up to the facts and the evidence that you heard and determine whether we have this or not.

The State's argument as a whole emphasized the facts and their application to the law, not that defendant should be convicted based on improper considerations of sympathy and pity for the victim. Moreover, the State presented substantial evidence for a reasonable jury to infer defendant's guilt.

Therefore, defendant's contention that the State's closing argument could have "rendered [his] conviction fundamentally unfair" is without merit. *Davis*, 349 N.C. at 23, 506 S.E.2d at 467. The closing argument did not encourage the jury to convict defendant based on improper considerations of sympathy for the victim rather than the relevant law applied to the evidence. Furthermore, it was not so prejudicial or grossly improper as to warrant the trial court's intervention to correct it *ex mero motu*. The trial court did not abuse its discretion by failing to intervene.

## IV. Double Jeopardy

Finally, defendant argues that the trial court erred in sentencing him for both the assault by strangulation and the assault on a female offenses. Specifically, defendant contends the sentencing constituted double jeopardy. We disagree.

Defendant concedes that he failed to object or raise the constitutional issue at trial. "It is well-established that appellate courts ordinarily will not pass upon a constitutional question unless it was raised and passed upon in the court below." *State v. Cortes-Serrano*, 195 N.C. App. 644, 658, 673 S.E.2d 756, 765 (2009) (citations omitted). Because the trial court had no opportunity to render a decision on the double

jeopardy issue in defendant's sentencing, defendant has not properly preserved this issue for appeal.

## V. Conclusion

Since the State presented substantial evidence of assault by strangulation sufficient for a jury to reasonably infer defendant's guilt, the trial court properly denied defendant's motion to dismiss. The trial court did not err in failing to intervene *ex mero motu* because the district attorney's closing argument did not "so infect[] the trial with unfairness" as to make it fundamentally prejudicial. *Davis,* 349 N.C. at 23, 506 S.E.2d at 467. Defendant also failed to preserve the issue of double jeopardy for appeal. We hold defendant received a fair trial, free from error.

No error.

Judges STROUD and DAVIS concur.

Report per Rule 30(e).